UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United ... Court
Southe... of Texas
FILED
JUN 11 2013  EH
David J. Bradley, Clerk
Laredo Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | |
| JUAN ELIZONDO a/k/a "Lobo" (1) | § § § | CR. NO. |
| ERNESTO JIMENEZ a/k/a "Neto"(3) | § § § § § | L-13-0633 GPK |
| ADRIAN TORRES (7) | § § § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

(Conspiracy to Possess with intent to distribute)

Beginning from on or about October 13, 2010 and continuing to on or about January 7, 2011 in the Southern District of Texas, and elsewhere within the jurisdiction of this Court defendants,

JUAN ELIZONDO a/k/a "Lobo"

ERNESTO JIMENEZ a/k/a "Neto"

ADRIAN TORRES

1

did knowingly and intentionally conspire and agree together and with each other and with other persons known and unknown to the Grand Jury to possess with intent to distribute a controlled substance. This violation involved a quantity of 5 kilograms and more of cocaine, its salts, optical and geometric isomers and salts of its isomers a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 846, 841(a)(1) and 841(b)(1)(A).

## COUNT TWO

### (Conspiracy to Import a controlled substance)

Beginning from on or about October 13, 2010 and continuing to on or about January 7, 2011 in the Southern District of Texas, and elsewhere within the jurisdiction of this Court defendants,

**JUAN ELIZONDO a/k/a "Lobo"**

**ERNESTO JIMENEZ a/k/a "Neto"**

**ADRIAN TORRES**

did knowingly and intentionally conspire and agree together and with each other and with other persons known and unknown to the Grand Jury to import into the United States of America from the Republic of Mexico a controlled substance. This violation involved a quantity of 5 kilograms and more of cocaine, its salts, optical and geometric isomers and salts of its isomers a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 963, 952(a) and 960(b)(1).

## COUNT THREE

### (Possession with intent to distribute a controlled substance)

From on or about November 18, 2010 to on or about December 6, 2010 in the Southern

District of Texas, and elsewhere within the jurisdiction of this Court defendants,

**JUAN ELIZONDO a/k/a "Lobo"**

aided and abetted by each other did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity of 500 grams and more of cocaine, its salts, optical and geometric isomers and salts of its isomers a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18 United States Code, Section 2.

## COUNT FOUR

### (Importation of a controlled substance)

From on or about November 18, 2010 to on or about December 6, 2010 in the Southern District of Texas, and elsewhere within the jurisdiction of this Court defendants,

**JUAN ELIZONDO a/k/a "Lobo"**

aided and abetted by each other did knowingly and intentionally import into the United States of America from the Republic of Mexico a controlled substance. This violation involved a quantity of 500 grams and more of cocaine, its salts, optical and geometric isomers and salts of its isomers a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 952(a) and 960(b)(2) and Title 18 United States Code, Section 2.

## COUNT FIVE

### (Possession with intent to distribute a controlled substance)

On or about December 11, 2010 in the Southern District of Texas, and elsewhere within

the jurisdiction of this Court defendants,

**JUAN ELIZONDO a/k/a "Lobo"**
**ERNESTO JIMENEZ a/k/a "Neto"**

**ADRIAN TORRES**

aided and abetted by each other did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity of 5 kilograms and more of cocaine, its salts, optical and geometric isomers and salts of its isomers a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18 United States Code, Section 2.

## COUNT SIX

### (Importation of a controlled substance)

On or about December 11, 2010 in the Southern District of Texas, and elsewhere within the jurisdiction of this Court defendants,

**JUAN ELIZONDO a/k/a "Lobo"**
**ERNESTO JIMENEZ a/k/a "Neto"**

**ADRIAN TORRES**

aided and abetted by each other did knowingly and intentionally import into the United States of America from the Republic of Mexico a controlled substance. This violation involved a quantity of 5 kilograms and more of cocaine, its salts, optical and geometric isomers and salts of its isomers a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 952(a) and 960(b)(1) and Title 18 United States Code, Section 2.

## COUNT SEVEN
### (Money Laundering Conspiracy)

Beginning from on or about October 13 2010 and continuing through on or about January 7, 2011 in the Southern District of Texas, and elsewhere within the jurisdiction of this Court,

**JUAN ELIZONDO a/k/a "Lobo"**

**ERNESTO JIMENEZ a/k/a "Neto"**

did knowingly and intentionally conspire and agree together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, to wit:

1. To knowingly conduct and attempt to conduct a financial transaction, the activities of which affect interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking to include the felonious importation, possession, and distribution of controlled substances, in violation of Title 21, United States Code, Sections 846, and 841(a)(1), 952(a) and 963 and that the transaction was designed in whole or in part to conceal and disguise the nature, ownership, control and source of the proceeds of the specified unlawful activity, and knowing that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

2. To knowingly transport, transmit, transfer and attempt to transport, transmit and transfer monetary instruments and funds involving the proceeds of a specified unlawful activity, that is drug trafficking, including violations of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), and 963, from a place in the United States to or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

3. To knowingly transport, transmit, transfer and attempt to transport, transmit and transfer monetary instruments and funds involving the proceeds of a specified unlawful activity, that is drug trafficking, including violations of Title 21, United

States Code, Sections 841(a)(1), 846, 952(a), and 963, from a place in the United States to or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer jwas designed in whole or in part to avoid a transaction reporting requirement under state or federal law, in violation of Title 18, United States Code, In Section 1956(a)(2)(B)(ii);

In violation of Title 18, United States Code, In Section 1956(h).

## MANNER AND MEANS

1. It was part of the conspiracy to import bulk quantities of cocaine and marihuana from the Republic of Mexico into the United States for transportation and distribution in Chicago, Houston, and elsewhere.

2. It was part of the conspiracy to collect the drug profits from the distribution of bulk quantities of cocaine and marihuana from various drug distributors in Chicago, Houston, and elsewhere.

3. It was further part of the conspiracy to recruit drivers and to transport the drug proceeds from the Chicago and Houston area to Laredo, Texas for delivery to other co-conspirators.

4. It was further part of the conspiracy to transport the bulk cash drug proceeds in from Chicago, Houston and elsewhere hidden and concealed in vehicles for delivery to co-conspirators in Laredo, Texas for ultimate transportation to the Republic of Mexico.

5. It was further part of the conspiracy to use part of the drug proceeds to pay drivers who transported the bulk cash drug proceeds from the Chicago and Houston area to the Laredo area.

In violation of Title 18, United States Code Section 1956(h).

## NOTICE OF FORFEITURE
## 21 U.S.C. § 853

1. The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, and upon conviction of an offense in violation of Title 21, United States Code, Section 841, 846, 952, and 963 the defendants:

JUAN ELIZONDO a/k/a "Lobo"

ERNESTO JIMENEZ a/k/a "Neto"

ADRIAN TORRES

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

a. $274,500.00 United States currency.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982

1. The allegations contained in Count 7 of this Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982.

2. Pursuant to Title 18, United States Code, Section 982, and upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h), the defendants

**JUAN ELIZONDO a/k/a "Lobo"**

**ERNESTO JIMENEZ a/k/a "Neto"**

**ADRIAN TORRES**

shall forfeit to the United States of America all property, real and personal, involved in the offense charged in Count Seven, including, but not limited to, the following property:

    a. 274,500.00 United States currency.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON;

United States Attorney
Southern District of Texas

By: _/s/ Mary Lou Castillo_
MARY LOU CASTILLO
Assistant United States Attorney

USA-74-24b
(Rev. 6-1-71)

# CRIMINAL DOCKET NO. L-13-0633

__LAREDO__   DIVISION

FILE: 13-16437
__INDICTMENT__

Filed: JUN 1 1 2013

Judge: _____

ATTORNEYS:

UNITED STATES OF AMERICA

KENNETH MAGIDSON, USA

VS.

Mary Lou Castillo, AUSA

JUAN ELIZONDO a/k/a "Lobo"

ERNESTO JIMENEZ a/k/a "Neto"

ADRIAN TORRES

**CHARGE:**
- Ct. 1: Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine
  [21 USC 846, 841(a)(1) & 841(b)(1)(A)]
- Ct. 2: Conspiracy to Import 5 kilograms or more of cocaine
  [21 USC 963, 952(a) & 960(b)(1)]
- Ct. 3: Possess with intent to distribute 500 grams or more of cocaine
  [21 USC 841(a)(1) & 841(b)(1)(B) & 18 USC 2]
- Ct. 4: Importation of 500 grams or more of cocaine
  [21 USC 952(a) and 960(b)(2) & 18 USC 2]
- Ct. 5: Possess with intent to distribute 5 kilograms or more of cocaine
  [21 USC 841(a)(1) & 841(b)(1)(A) & 18 USC 2]
- Ct. 6: Importation of 5 kilograms or more of cocaine
  [21 USC 952(a) and 960(b)(1) and 18 USC 2]
- Ct. 7: Money Laundering Conspiracy
  [18 USC 1956(h)]

**TOTAL COUNTS: 7**

**PENALTY:**
- Cts.1,2,5,6: 10 Years to Life and/or $10 MILLION, $100 Special Assessment, At least a 5 Year Term of Supervised Release
- Cts. 3-4: 5 to 40 Years and/or $5 MILLION, $100 Special Assessment, At least a 4 Year Term of Supervised Release
- Ct. 7: 20 and/or $500,000 or twice the value of the monetary instrument involved in the offense, whichever is greater, $100 Spec Assessment, Not more than 3 yrs term of Supervised Release